**Daniel Hugh O'CONNOR, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 13–71413.

United States Court of Appeals, Ninth Circuit.

Submitted June 22, 2015.*

Filed June 30, 2015.

Daniel Hugh O'Connor, Love Lock, NV, pro se.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John A. Nolet, Robert William Metzler, Supervisory, Gilbert Steven Rothenberg, Esquire, Deputy Assistant Attorney General, U.S. Department of Justice, William J. Wilkins, Chief Counsel, Internal Revenue Service, Washington, DC, for Respondent–Appellee.

Before: HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

### MEMORANDUM [**]

Daniel Hugh O'Connor appeals pro se from a decision of the Tax Court denying his petition challenging a deficiency in his 2008 income tax. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo the Tax Court's legal conclusions, and for clear error its factual findings. *Johanson v. Comm'r*, 541 F.3d 973, 976 (9th Cir.2008). We affirm.

The Tax Court properly upheld the Commissioner's determination of deficiency because the amount paid to O'Connor for his participation in a medical research study was not excludable from his gross income as a gift or as compensation for his injuries or sickness. *See* 26 U.S.C. § 61 (broadly defining gross income); *Comm'r v. Dunkin*, 500 F.3d 1065, 1069 (9th Cir. 2007) ("[E]xclusions from gross income are construed narrowly in favor of taxation."); *see also Comm'r v. Schleier*, 515 U.S. 323, 337, 115 S.Ct. 2159, 132 L.Ed.2d 294 (1995) (a taxpayer may only exclude amounts under 26 U.S.C. § 104(a)(2), as compensation for physical injuries or physical sickness, when the taxpayer demonstrates, among other things, that the payment was received on account of personal physical injury or physical sickness); *Comm'r v. Duberstein*, 363 U.S. 278, 286, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960) ("A gift in the statutory sense ... proceeds from a detached and disinterested generosity, ... out of affection, respect, admiration, charity or like impulses." (citation and internal quotation marks omitted)).

We reject O'Connor's contentions concerning his right to privacy, his Fifth Amendment privilege against self-incrimination, and the alleged lack of jurisdiction of this court, the Tax Court, and the Internal Revenue Service.

**AFFIRMED.**

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).